UNITED STATES DISTRICT COURT
MIDDLE DSITRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| ALYSSA MURGA, individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>ALBANESE ENTERPRISES, INC. d/b/a PARADISE GENTLEMEN'S CLUB a Florida Profit Corporation; FAMILY ENTERTAINMENT LLC, d/b/a LIVE BAR, a Florida Limited Liability Company; 327 E. BAY, LLC; KLODIAN FERRA, Individually, and DANIEL JIGGETTS, Individually,<br><br>*Defendants.* | CIVIL ACTION NO. _____<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

**I. S**UMMARY

1. ALYSSA MURGA ("Murga" or "Members of the Class" or "Bartenders"), for herself and on behalf of those similarly situated, through undersigned counsel, brings this collective action against Albanese Enterprises, Inc. d/b/a Paradise Gentlemen's Club ("Paradise Club"); Family Entertainment, LLC., d/b/a Live Bar ("Live Bar"); 327 E. Bay, LLC ("327"); Klodian Ferra ("Ferra"), individually and Daniel Jiggetts, individually ("Jiggetts") and (collectively referred herein as "Defendants") to recover unpaid wages under the Florida common law, as well as minimum wages, overtime wages and liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq*. ("FLSA").

2. In addition, Defendants further violate the FLSA's minimum wage requirements by failing to adhere to the "tip- credit" requirements set forth in 29 U.S.C. § 203(m) and 29 C.F.R. §§ 550 – 560. U.S.C. Murga and Members of the Class further seek to recover their attorneys' fees and costs as provided for under the FLSA in 29 U.S.C. § 216(b) and under *Florida Statutes*, § 448.08.

3. Murga and the Members of the Class regularly worked for Defendants: (a) without being paid for all hours worked, (b) being paid at a tip-credit sub-minimum wage when they were preforming non-tipped duties; and (c) being paid at a tip-credit sub-minimum wage when Defendants failed to meet the preliminary requirements for claiming a tip-credit.

4. When Murga and Members of the Class complained about Defendants' illegal pay practices and sought full pay for all hours worked, they were threatened by Defendants Ferra and Jiggetts with termination of employment if they persisted in demanding more pay. After such complaints, the Bartenders were sometimes denied hours on the scheduled or had their hours substantially reduced for a period of time in violation of 29 U.S.C. § 215(a)(3).

5. This action is intended to include each and every hourly-paid bartender who worked for Defendants at any time within the past three (3) years

## II. Jurisdiction and Venue

6. This Court has subject matter under 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in the Middle District of Florida – Jacksonville Division because all, or a substantial part, of the acts and conduct charged herein occurred in this

district, and Defendants conduct substantial business operations in this District and Division.  28 U.S.C. § 1391(b).

### III. THE PARTIES

8. Murga is a resident of the State of Florida and worked for Defendants from approximately August 2019 to April 2021.

9. At all times material to this action, Murga was an "employee" of Defendants within the meaning of the FLSA

10. At all material times to this action Defendants were Murga's "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d)..

11. The relationship between Murga and Defendants is that of an employee and employer; whether or not Defendants always properly classified Murga as an employee is unclear.

12. At all times material hereto, the work performed by Murga was directly essential to the business performed by Defendants.

13. Murga's consent to be a party Plaintiff will be filed shortly after filing of the complaint.

14. The Members of the Class consists of all current and former employee Bartenders of Paradise Club and Live Bar who were not paid for all hours worked, were paid erroneously due to Defendants' failure to meet the preliminary requirements for claiming a tip-credit, were paid erroneously in the event they were misclassified as independent contractors rather than employees and not properly paid for any overtime worked.

15. Defendant Paradise Bar is a Florida Corporation. Paradise Bar, now closed, formerly operated at 8669 Baymeadows Rd in Jacksonville, Duval County, Florida. Paradise Bar is an enterprise engaged in commerce which was the employer or acted in the interest of an employer with respect to Murga and the Members of the Class. Paradise Bar may be served with process through its registered agent, Bajalia Law Office, 11512 Lake Mead Avenue, Building 300, Suite 301, Jacksonville Florida 32256.

16. Defendant Live Bar does business on behalf of Family Entertainment, LLC, a Florida limited liability company. Live Bar is an active business located at 331 E. Bay St. in downtown Jacksonville, Duval County, Florida. Live Bar is an enterprise engaged in commerce which was the employer of, or acted in the interest of, Murga's employer, Family Entertainment, LLC, as well as the employer of the Members of the Class. Live Bar may be served with process through its registered agent, Klodian Ferra, 331 E. Bay Street, Jacksonville, FL 32202.

17. Defendant 327 is a Florida limited liability company. 327 is an active business also located at 331 E. Bay St. in downtown Jacksonville, Duval County, Florida. 327 is an enterprise engaged in commerce and managed by Madison Ferra, Jon Mroz, Daniel Jiggetts and Nephiteria Ayana Andrews, all of whom were actively involved in the operations and management of Live Bar during the employment of Murga and the Members of the Class. 327 may have been the employer of, or acted in the interest of Live Bar with respect to Murga and the Members of the Class. 327 may be served with process through its registered agent, Jon Mroz, 331 E. Bay Street, Jacksonville Florida 32202.

18. At all times hereinafter mentioned, Paradise Bar, Live Bar and 327 have been separately and/or jointly part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

19. Defendant Ferra is the owner and primary manager of Live Bar and is believed to have had an ownership interest in Paradise Bar as well. Throughout the entire employment of Murga and the Members of the Class with Live Bar, Ferra acted on behalf of Live Bar; asserted control over the working conditions of Murga and the Members of the Class; had, and executed, the power to hire and fire employees; supervised and controlled Murga and the Members of the Class' work schedules; required Murga to follow either Paradise Club's or Live Bar's policies and procedures; determined Murga and the Members of the Class' rate and method of payment; and maintained employment records for Murga and the Members of the Class. Ferra may be served with process at 331 E. Bay Street, Jacksonville Florida 32202.

20. Defendant Jiggetts was the other primary manager of Live Bar. Throughout the entire employment of Murga and the Members of the Class with Live Bar, Jiggetts acted on behalf of Live Bar; asserted control over the working conditions of Murga and the Members of the Class; had, and executed, the power to hire and fire employees;

supervised and controlled Murga and the Members of the Class' work schedules; required Murga to follow either Paradise Club's or Live Bar's policies and procedures; determined Murga and the Members of the Class' rate and method of payment; and maintained employment records for Murga and the Members of the Class. Jiggetts may be served with process at 4239 Clybourne Lane, Jacksonville Florida 32216.

21. As will be shown through this litigation, Defendants misclassified Murga and the Class Members as independent contractors, at least during part of their employment with Defendants.

22. Defendants' misclassification of Murga and the Class Members as independent contractors does not alter their status as employers for purposes of this FLSA collective action.

### V. Factual Collective Action Allegations

23. Live Bar is a downtown Jacksonville nightclub. It has a close-knit management team made up of Klodian and Madison Ferra, Jon Mroz, Daniel Jiggetts and Nephiteria Ayana Andrews. Live Bar employs Bartenders like Murga and the Members of the Class to run the bar and serve drinks.

24. The Bartenders are scheduled to work sometimes 2-3 hours prior to Live Bar opening to clean the entire bar as well as prep the bar for that evening's business.

25. Live Bar's normal hours are from 5:00 p.m. – 2:00 a.m. The Bartenders are routinely expected to clean up trash and clean up the bar area after Live Bar closes, which can take an hour or more.

26. Murga and the Members of the Class were subject to several unlawful pay practices which resulted in failure to pay minimum wages and other unpaid wages not

subject to the FLSA, including, but not limited to:

- only compensated for the hours worked bartending at a subminimum tip credit wage, plus tips;

- not paid any wages for the hours spent working for Live Bar prior to Live Bar's opening or after Live Bar's closing;

- Defendants failed to maintain proper time records as mandated by 29 C.F.R. §516 *et. seq*.

- Plaintiffs were not provided with proper notice of Defendants' intent to claim the tip credit, as required by 29 U.S.C. § 203(m), and therefore were erroneously paid the tip credit sub-minimum wage instead of the full Florida minimum wage;

- were paid erroneously in the event they were misclassified as independent contractors rather than employees;

- Plaintiffs spent over 20% of their time performing non-tipped work, including tasks for opening, closing, cleaning, side work, for which they were not paid any wages; and

27. Ferra and Jiggetts required Murga and Members of the Class to make liquor store runs prior to her scheduled work at Live Bar to help Live Bar be well stocked on various liquors, without paying Murga any wage, including for her time traveling to the liquor stores, purchasing the liquor or traveling from the last liquor store to Live Bar.

28. Murga and the Class Members were not paid any wages for making liquor store runs.

29. Without the jobs performed by Murga and the Members of the Class, Paradise Bar, Live Bar and/or 327 would not be able to complete its business objectives.

30. Murga and the Members of the Class rely on Defendants for work and compensation.

31. Murga and the Members of the Class work in accordance with the schedule set by Defendants.

32. Murga and the Members of the Class must follow Defendants' rules, policies and procedures.

33. Murga and the Members of the Class work must adhere to the quality standards put in place by Defendants.

34. Under the FLSA, an employer who fails to provide information required by § 203(m), regarding the tip-credit, cannot use the tip credit provisions and therefore must pay the tipped employee at least the full Florida minimum wage, and allow the tipped employee to keep all tips received.

35. Defendants did not provide Bartenders the notice required by § 203(m) of the FLSA.

36. For this reason, as well, Defendants were rendered ineligible to claim the tip credit.

37. Defendants only paid Murga and the Class Members the tip-credit sub-minimum wage, despite the fact that Defendants were not entitled to do so.

38. Murga and the Class Members did not earn at least the Florida minimum wage for all hours worked during one or more work weeks, due at least to the policies and practices described in Paragraph 26 above.

39. Murga and the Class Members are entitled to the Florida minimum wage pursuant to § 29 C.F.R. §778.5.

40. Because Defendants were not entitled to pay Murga and the Class Members the tip-credit sub-minimum wage, without proper notice, Defendants must pay the tip-credit taken to Murga and the Class Members.

41. Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper wages, including minimum wages with respect to Murga and the Class Members, as Defendants know or should have known that Plaintiffs should be paid for all of their hours worked, that all hours worked should be recorded and that Defendants were not eligible to claim a tip credit.

42. During Murga and the Class Members' employment with Defendants, they complained to Ferra about not being paid for all hours worked. On more than one occasion, Murga and/or the Class Members had their work hour schedules reduced or temporarily suspended after making the complaint.

43. As a result, Murga and/or the Class Members lost wages by being removed from the work schedule.

44. After one complaint, Ferra expressed that "he did not fire employees, they fired themselves", implying that further complaints would result in Ferra ensuring a hostile work environment.

### IV. CAUSES OF ACTION

**COUNT I**

**RECOVERY OF MINIMUM WAGES**

45. Murga incorporates herein all allegations contained in paragraphs 1 through

46. Murga and the Class Members were/are entitled to be paid the applicable Florida minimum wage for each workweek worked during their employments with Defendants.

47. Defendants failed to pay Murga and the Class Members the applicable Florida minimum wage for each workweek worked for Defendants.

48. Defendants failed to provide proper notice of Defendants' intent to claim the tip-credit sub-minimum wage as required by 29 U.S.C. § 203(m).

49. Because of these policies, as well as the other policies described in Paragraph 26 above, Defendants violated the FLSA's tip credit provisions and the FLSA provision on minimum wage, 29 U.S.C. § 206, as Defendants knew or reasonably should have known that they were not eligible to claim the sub-minimum wage tip credit, that they were not recording all hours worked, and that it was unlawful to fail to pay any wages for significant non-tipped work, such as making liquor store runs, cleaning, stocking and preparing the bar and others.

50. As a direct and proximate result of Defendants' deliberate underpayment of wages, Murga and the Class Members have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

51. Defendants knew its conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

52. Murga and the Class Members are entitled to an award of reasonable attorneys' fees and pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs request:

- A judgment entered in their favor and against Defendants, jointly and severally for actual and liquidated damages;
- a declaration that Defendants' conduct violated the FLSA;
- an order certifying this action as a collective action;
- an order requiring Notice to issue to the putative class, informing them of their right to join this litigation;

- costs, expenses and attorneys' fees;

- pre-judgment and post-judgment interest; and

- any other relief deemed proper by this Court.

## COUNT II

## FLSA RETALIATION

53. Murga incorporates herein all allegations contained in paragraphs 1 through 44.

54. By pursuing their rights under the FLSA, Murga and the Class Members engaged in protected activity under the FLSA.

55. By reducing or suspending the number of hours Murga and the Class Members were scheduled to work shortly after complaining about not being paid for all hours worked, Defendants retaliated against Plaintiffs for engaging in protected activity under the FLSA.  29 U.S.C. § 215(a)(3).

56. As a direct and proximate result of Defendants' deliberate retaliatory actions, Murga and the Class Members have been damaged in the loss wages for hours they would have worked but for the retaliation.

57. Defendants knew its retaliatory conduct violated the FLSA or acted in reckless disregard of the FLSA provisions.

58. Murga and the Class Members are entitled to an award of reasonable attorneys' fees and pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs request:

- A judgment entered in their favor and against Defendants, jointly and severally for actual and liquidated damages;

- a declaration that Defendants' conduct violated the FLSA;

- an order certifying this action as a collective action;
- an order requiring Notice to issue to the putative class, informing them of their right to join this litigation;
- costs, expenses and attorneys' fees;
- pre-judgment and post-judgment interest; and
- any other relief deemed proper by this Court.

## COUNT III

### COMMON LAW CLAIM FOR UNPAID WAGES & FOR ATTORNEYS' FEES AND COSTS UNDER SECTION 448.08, *FLORIDA STATUTES*

59. Murga incorporates herein all allegations contained in paragraphs 1 through 44.

60. As Defendants' employees, Murga and the Class Members were entitled to payment for each hour worked on Defendants' behalf.

61. Defendants willfully or with reckless disregard failed and refused to pay Murga and the Class Members for their wages for work performed.

62. As a result of the willful and unlawful conduct of Defendants, Billups has suffered damages.

WHEREFORE, Plaintiffs request:

- A judgment entered in their favor and against Defendants, jointly and severally for all unpaid wages;
- a declaration that Defendants' conduct violated the Florida common law;
- an order certifying this action as a collective action;
- an order requiring Notice to issue to the putative class, informing them of their right to join this litigation;

- costs, expenses and attorneys' fees as provided by §448.08, *Florida Statutes*;

- pre-judgment and post-judgment interest; and

- any other relief deemed proper by this Court.

## COUNT IV

## UNJUST ENRICHMENT

63. Murga incorporates herein all allegations contained in paragraphs 1 through 44.

64. Murga and the Class Members performed work for Defendants with Defendants' knowledge.

65. Defendants voluntarily accepted and retained the benefit of Murga's work.

66. Murga and the Class Members were not paid for the work performed for Defendants.

67. It is inequitable to allow Defendants to retain the benefit of Plaintiffs' work without paying for it.

68. As a result of the willful and unlawful conduct of Defendants, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request:

- A judgment entered in their favor and against Defendants, jointly and severally for all unpaid wages;

- a declaration that Defendants' conduct violated the Florida common law;

- an order certifying this action as a collective action;

- an order requiring Notice to issue to the putative class, informing them of their right to join this litigation;

- costs, expenses and attorneys' fees as provided by §448.08, *Florida Statutes*;

- pre-judgment and post-judgment interest; and

- any other relief deemed proper by this Court.

## JURY TRIAL DEMANDED

Murga demands trial by jury as to all issues so triable.

Respectfully submitted, this 25th day of October, 2021.

 /s/ Gregg Gerlach
Gregg Gerlach, Esq.
Florida Bar No: 0338140
**Gerlach Employment Law, PL**
6320 St. Augustine Road, Suite 7B
Jacksonville, FL 32217
Telephone: (904) 296.7000
Facsimile:   (904) 250.5654
Email: 2g@gerlachemploymentlaw.com
Secondary Emails:
jeffrey@gerlachemploymentlaw.com
**Attorney for Party Plaintiff and on Behalf of all Others Similarly Situated**